<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ONEIL ENRIQUE MENGUAREZ MIERES, YOENIKER OSWALDO NOGUERA CAMPOS, AND MICHEL EDUARDO ALCALA BANDRES,<br><br>              *Plaintiffs*,<br><br>         v.<br><br>NORTH EAST COURIER LLC A/K/A NORTH EAST COURIER INCORPORATED AND JOHN DOE,<br><br>              *Defendant*. | Civil No.: 25-cv-14310 (KSH) (MAH)<br><br><br><br>**OPINION** |

**Katharine S. Hayden, U.S.D.J.**

**I.        Introduction**

In this negligence action arising from a motor vehicle collision, plaintiffs Oneil Enrique

Menguarez Mieres ("Mieres"), Yoeniker Oswaldo Noguera Campos, and Michel Eduardo Alcala

Bandres (collectively, "plaintiffs") have sued the defendant company, North East Courier LLC

a/k/a North East Courier Incorporated ("North East") and an individual defendant, currently

named as John Doe, who was allegedly driving North East's vehicle when it collided with

plaintiffs' car.  North East has moved, unopposed,[1] to dismiss and strike portions of plaintiffs'

complaint.  For the reasons set forth below, the motion will be granted in part and denied in part.

---

[1] Plaintiffs stated in a scheduling-related letter (D.E. 12) to Magistrate Judge Hammer that they had unsuccessfully tried to reach defense counsel to indicate they would "consent[] to" the motion.  The docket reflects no other statements by plaintiffs about the motion or a stipulation by them to drop the complaint language North East's motion targets.  As such, the Court proceeds to evaluate the merits of North East's motion under the applicable legal standards.  *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 39 (3d Cir. 1991).

## II.    Background

The operative amended complaint alleges as follows.  Plaintiffs, all New York residents, were in a car traveling on Interstate 95 in Greenwich, Connecticut.  (D.E. 5, Am. Compl. ¶¶ 4-6, 10.)  Their vehicle was rear ended by one driven by John Doe and belonging to North East, a company based in New Jersey.  (*Id.* ¶¶ 7-10.)[2]  Plaintiffs allege that this collision resulted from defendants' "negligence, carelessness, and wanton recklessness."  (*Id.* ¶ 11.)  Paragraph 11 is the complaint's only mention of recklessness: plaintiffs bring three substantive claims for relief against defendants, one for each plaintiff, and the basis for all of them is defendants' alleged negligence.  On each count, plaintiffs seek $1 million in damages.  (*Id.* ¶¶ 13, 15, 17.)

Plaintiffs filed suit on August 8, 2025 (D.E. 1), and on August 21, 2025 they filed their amended complaint, which adds an alias for defendant North East (D.E. 5).  On September 11, 2025, North East moved to dismiss plaintiffs' "punitive damages claim" under Fed. R. Civ. P. 12(b)(6), and to strike each count's monetary demand under Fed. R. Civ. P. 12(f).  (D.E. 10.)  No opposition has been filed.

North East answered the complaint (D.E. 18), and later amended its answer to add a counterclaim for contribution and indemnification against plaintiff Mieres, who it alleges intentionally or negligently caused the collision (D.E. 28).[3]  Discovery is proceeding.  (*See, e.g.,* D.E. 29 (motion to compel compliance with nonparty subpoena).)

---

[2] The case is here on diversity jurisdiction.
[3] North East had earlier moved for "joinder" of Mieres as a third-party defendant (D.E. 19), which motion was opposed and fully briefed (D.E. 21, 22).  Magistrate Judge Hammer denied that motion, without prejudice to North East's right to file a counterclaim against Mieres (D.E. 26 (Tr. of Oral Opinion); D.E. 25 (order)), which it has done in its amended answer.

### III.    Standard of Review

A claim challenged on Rule 12(b)(6) grounds can only proceed past the pleadings stage if the complaint pleads a plausible claim for relief, which translates to "'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Kalu v. Spalding*, 113 F.4th 311, 324-25 (3d Cir. 2024) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court assumes the truth of the pleaded factual allegations and draws all reasonable inferences in plaintiffs' favor. *Id.* at 325; *Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 426 (3d Cir. 2018)). "[T]hreadbare recitals of the elements of a cause of action, legal conclusions, and conclusory statements" are disregarded in determining whether this standard is met. *City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp.*, 908 F.3d 872, 878-79 (3d Cir. 2018) (cleaned up).

Under Rule 12(f), a court, acting on motion or *sua sponte*, "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The purpose is to excise matter that "will not have any possible bearing on the outcome of the litigation" and thus "simplify the pleadings and save time and expense." *Garlanger v. Verbeke*, 223 F. Supp. 2d 596, 609 (D.N.J. 2002). The remedy is considered "drastic," such that motions to strike are typically "viewed with disfavor and will generally be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues." *Id.* (cleaned up). Doubts should be resolved in favor of the pleading as is, and against striking matter. *Katz v. Tata Consultancy Svcs., Ltd.*, 2023 WL 5125518, at *7 (D.N.J. Aug. 10, 2023) ( Martinotti, J.). The court has "considerable discretion" in ruling on the motion. *American Regent, Inc. v. Somerset Therapeutics, LLC*, 2025 WL 2318989, at *4 (D.N.J. Aug. 12, 2025) (Martinotti, J.) (citation omitted).

## IV.    Discussion

### A. Punitive Damages

North East's Rule 12(b)(6) argument targets a single phrase, found in paragraph 11 of the amended complaint.  That paragraph alleges that the collision "was due to the negligence, carelessness, and wanton recklessness of the defendants . . . with respect to the operation, maintenance and control of their motor vehicle."  (Am. Compl. ¶ 11.)  North East contends that the "carelessness, and wanton recklessness" phrasing "potentially invokes claims for punitive damages," but is "woefully insufficient" to properly pursue such relief.  (D.E. 10, Moving Br. 8.)[4]  It points out that the only fact plaintiffs have alleged about the collision is that North East's vehicle rear-ended plaintiffs' car, which, even assumed as true at this pleadings stage, is insufficient to meet New Jersey's requirement that punitive damages issue only on a showing of actual malice or wanton or willful disregard of persons foreseeably harmed.  (*Id.* at 10.)

Under New Jersey law,[5] a plaintiff seeking punitive damages must specifically ask for them in the complaint.  N.J.S.A. § 2A:15-5.11.  To be awarded punitive damages as a form of relief, the plaintiff must prove "by clear and convincing evidence, that the harm suffered was the result of the defendant's acts or omissions, and such acts or omissions were actuated by actual malice or accompanied by a wanton and willful disregard of persons who foreseeably might be harmed by those acts or omissions."  N.J.S.A. § 2A:15-5.12(a).  That burden is not met "by proof of any degree of negligence including gross negligence."  *Id.*

---

[4] As the brief is unpaginated, page number references are to those assigned by the CM/ECF system.

[5] According to the amended complaint, the collision happened in Connecticut and involved citizens of New Jersey and New York.  North East has applied New Jersey law in its briefing, and plaintiffs, having not opposed the motion, have not argued for the application of any other state's law.  Accordingly, at this stage of the case, the Court will apply New Jersey law.

Here, plaintiffs have neither asked for punitive damages in their complaint nor pleaded facts that would show malice or wanton or willful disregard.  They have merely alleged negligence, and added in one place a conclusory reference to "wanton recklessness."   It is not apparent from this single reference that plaintiffs were ever attempting to pursue punitive damages, and if they were, that unadorned reference would not be enough.  *Onyejekwe v. Uber Techs., Inc.*, 2020 WL 2832566, at *3 (D.N.J. June 1, 2020) (Salas, J.) (plaintiffs' punitive damages request was dismissed where facts alleged sounded in negligence);[6] *see also In re Paulsboro Derailment Cases*, 704 F. App'x 78, 88 (3d Cir. 2017) ("A generalized allegation of a naked legal conclusion that someone acted 'willfully' or 'maliciously' cannot convert what otherwise is a state-court negligence suit into a federal diversity action for punitive damages."). Plaintiffs' decision not to oppose North East's motion leaves their original intention for that passing reference unclear, however, and reflects that if they were ever seeking this remedy, they have abandoned it.  Accordingly, North East's motion is granted insofar as it was brought under Rule 12(b)(6) to dismiss any request for punitive damages that the amended complaint can be construed as making.

### B.  References to Monetary Damages Sought

The other component of North East's motion seeks to strike the amended complaint's three references to the amount of monetary damages plaintiffs seek--$1 million each, as stated in paragraphs 13, 15, and 17 of the amended complaint.  North East argues that these figures are "wholly unsupported by facts," "baseless," and "do not pertain to, and are not necessary to"

---

[6] Punitive damages requests framed as standalone claims (as was the case in *Uber*) are also routinely dismissed because punitive damages are a remedy, not a cause of action.  *See Uber*, 2020 WL 2832566, at *3 (citing *Hassoun v. Cimmino*, 126 F. Supp. 2d 353, 372 (D.N.J. 2000)). It does not appear to have been plaintiffs' intent here to plead a standalone claim, but as noted *infra*, they have left their objectives unclear by failing to respond to the motion.

plaintiffs' claims or its defenses, making the figures "immaterial [and] impertinent" under Fed. R. Civ. P. 12(f).  (D.E. 10, Moving Br. 12.)  North East also suggests that it would be prejudiced if the figures are allowed to remain in the complaint because that pleading could be read to a jury, which would give that jury impermissible information.  (*Id.* at 13.)

North East acknowledges that the standard for a motion to strike is a demanding one for the party seeking to remove material from the pleading.  As noted earlier, the remedy is drastic; the motions are disfavored; and doubt is resolved against the movant.  To qualify, the matter in question should "not have *any possible bearing* on the outcome of the litigation," and if permitted to remain, it "may cause prejudice to one of the parties" or "confuse the issues." *Garlanger*, 223 F. Supp. 2d at 609 (emphasis added).

On the other hand, if the allegations "could possibly serve to achieve a better understanding of plaintiff's claims or perform *any useful purpose* in promoting the just disposition of the litigation," or if they involve factual disputes, the motion is typically denied. *Uber*, 2020 WL 2832566, at *3 (cleaned up; emphasis added)).  That plaintiffs' dollar figures may turn out to be wrong or unsupported is not a basis to strike them at the pleadings stage, when the measure of plaintiffs' damages—and indeed, whether they are entitled to damages at all—are facts yet to be developed on this record.  North East's concern about a jury hearing the figures can readily be addressed at the *in limine* stage should the case proceed to that point. North East's motion is denied insofar as it sought to strike the monetary references in paragraphs 13, 15, and 17 of the amended complaint.

## V.    Conclusion

The motion is granted in part and denied in part. An appropriate order will issue.

*s/ Katharine S. Hayden*
Katharine S. Hayden, U.S.D.J.

Date: May 18, 2026

6